HALSBAND LAW OFFICES
Attorneys for Plaintiff
David S. Halsband, Esq.
Court Plaza South
21 Main St., East Wing
Third Floor, Suite 304
Hackensack, New Jersey 07601
T. 201.487.6249
F. 201.487.3176
Email: david@halsbandlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MARIA RODRIGUEZ,

                Plaintiff,

-against-

COMPASS GROUP USA, INC.,
UNIDINE CORPORATION,

                Defendants.
-----------------------------------------------------------X

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

Civil Action No. _____

Plaintiff, by her counsel, Halsband Law Offices, alleges for her Complaint as follows:

**JURY DEMAND**

1. Plaintiff demands a trial by jury of all issues in this action.

**NATURE OF ACTION**

2. Plaintiff seeks to recover damages against Defendants, Compass Group USA, Inc., and Unidine Corporation (hereinafter, collectively "Defendants") for unlawful employment discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. ("Title VII") (as amended), the New York State Human Rights Law, Section 290 et seq. of the Executive Law of the State of New York

(hereinafter, "Executive Law") and the New York City Human Rights Law, Title 8 of the Administrative Code of the City of New York (hereinafter, "Administrative Code").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's claims in this action based on 28 U.S.C. § 1331, Title VII, and under the principles of supplemental jurisdiction.

4. Defendants are found, transact business, have agents, and are within the jurisdiction of this Court.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint occurred within Bronx County, New York.

6. The United States Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights dated September 21, 2019 relating to the Title VII claims asserted herein.

## PARTIES

7. Plaintiff is an adult female and resides in Florida.

8. Defendant, Compass Group USA, Inc. ("Compass"), has a principal place of business at 2400 Yorkmont Road, Charlotte, North Carolina.

9. Upon information and belief, Compass is incorporated in Delaware.

10. Defendant, Unidine Corporation ("Unidine"), has a principal place of business at 1000 Washington Street, Boston, Massachusetts.

11. Upon information and belief, Unidine is incorporated in Massachusetts.

12. Compass is and has been an "employer" under Title VII.

13. Compass is and has been an "employer" under the Executive Law.

14. Compass is and has been an "employer" under the Administrative Code.

15. Unidine is and has been an "employer" under Title VII.

16. Unidine is and has been an "employer" under the Executive Law.

17. Unidine is and has been an "employer" under the Administrative Code.

## FACTS

18. Plaintiff began her employment with Defendants in or about September 2016 as a Chef Manager.

19. Defendants employed Plaintiff and assigned her to work at the Saint Patrick's Home located in the Bronx, New York.

20. At all relevant times, Plaintiff performed her job duties competently and satisfactorily.

21. In or about June 2017, Defendants hired a woman named Edith Golden.

22. Golden became the Plaintiff's manager.

23. Plaintiff's sexual orientation is gay/lesbian.

24. Plaintiff identifies and expresses herself as a male in the way she dresses and styles her hair.

25. Golden began to treat the Plaintiff differently from other employees because of the Plaintiff's sexual orientation and gender identity and expression.

26. Golden called the Plaintiff "Mickey" instead of Maria.

27. Plaintiff was offended by these comments.

28. Plaintiff objected to these offensive comments directly to Golden.

29. Golden also told the Plaintiff that she could not wear shorts to work, even though the Plaintiff would change when she arrived at work.

30. Other employees could wear shorts to work and then change.

31. On or about August 9, 2017, during a meeting with Golden and Toni Fisk, the District Manager, Plaintiff told them that she was uncomfortable working with Golden because Golden called her Mickey.

32. Fisk, in response and in retaliation, reprimanded the Plaintiff and criticized Plaintiff's behavior at work.

33. Moreover, Fisk also told the Plaintiff that if she was uncomfortable with Golden, then she should quit.

34. Plaintiff responded that she should not have to quit, but that Fisk should remedy Golden's discriminatory conduct.

35. Accordingly, Plaintiff engaged in a legally protected activity by objecting to Golden's discrimination against her based on sexual orientation and gender identity and expression, and by requesting that Fisk remedy it.

36. However, the Defendants then retaliated against the Plaintiff by criticizing her behavior at work and telling her to quit.

37. Plaintiff reported the retaliation to David Stroble, Human Resources Manager for Defendants, in or about November 2017.

38. Golden continued to retaliate against the Plaintiff in criticizing her behavior at work.

39. On or about January 16, 2018, a meeting was scheduled in which the Plaintiff believed was to discuss her retaliation complaints.

40. However, at that meeting, Golden terminated the Plaintiff and falsely accused the Plaintiff of using a racially derogatory word about a black employee.

41. Plaintiff denied the accusation but Golden still terminated her employment.

42. Defendants' reason for terminating the Plaintiff was a pretext when the real reason was in retaliation to the Plaintiff's opposition to discrimination based on sexual orientation and/or gender identity and expression.

43. As a result of the foregoing, Defendants and their agents have violated Title VII, the Executive Law and the Administrative Code.

**44.** Based on the foregoing, the Plaintiff has sustained damages.

## COUNT ONE

### Executive Law: Retaliation Against Defendants

45. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

46. By and through their course of conduct as alleged above, Defendants and their agents willfully violated the Executive Law by terminating the Plaintiff's employment in retaliation for Plaintiff's legally protected activities of reporting and objecting to sexual orientation discrimination and/or gender identity and expression discrimination.

47. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## COUNT TWO

### Executive Law: Discrimination and Harassment Against Defendants

48. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

49. By and through their course of conduct as alleged above, Defendants and their agents willfully violated the Executive Law by harassing and discriminating against the Plaintiff based on her sexual orientation and/or gender identity and expression.

50. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

51. Based on the foregoing, the Plaintiff has sustained damages.

## COUNT THREE

### Administrative Code: Retaliation Against Defendants

52. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

53. By and through their course of conduct as alleged above, Defendants and their agents willfully violated the Administrative Code by terminating the Plaintiff's employment in retaliation for Plaintiff's legally protected activities of reporting and objecting to sexual orientation discrimination and/or gender identity and expression discrimination.

54. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## COUNT FOUR

### Administrative Code: Discrimination and Harassment Against Defendants

55. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

56. By and through their course of conduct as alleged above, Defendants and their agents willfully violated the Administrative Code by harassing and discriminating against the Plaintiff based on her sexual orientation and/or gender identity and expression.

57. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## COUNT FIVE

### Title VII: Retaliation Against Defendants

58. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

59. By and through their course of conduct as alleged above, Defendants and their agents willfully violated Title VII by terminating the Plaintiff's employment in retaliation for

- 7 -

Plaintiff's legally protected activities of reporting and objecting to sexual orientation discrimination and/or gender identity and expression discrimination.

60. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## COUNT SIX

### Title VII: Discrimination and Harassment Against Defendants

61. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

62. By and through their course of conduct as alleged above, Defendants and their agents willfully violated Title VII by harassing and discriminating against the Plaintiff based on her sexual orientation and/or gender identity and expression.

63. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff prays that this Court:

(a) accepts jurisdiction over this matter;

(b) impanels and charges a jury with respect to the claims for relief; and

(c) awards the following damages against Defendants:

 i. Back pay, front pay, and all benefits along with pre and post judgment interest in amounts to determined at trial;

 ii. Punitive, liquidated and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injuries and emotional distress in order to compensate Plaintiff for the injuries suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments in amounts to be determined at trial,

 iii. Attorney's fees, costs and expenses as provided for by the applicable statutes;

 iv. Require Defendants to offer and, if accepted by Plaintiff, to reinstate Plaintiff to the same position from which they discriminatorily terminated Plaintiff; and,

 v. Any other relief which this Court deems just and equitable.

Dated: Hackensack, New Jersey
October 16, 2019

                                      Respectfully submitted,

                                      **HALSBAND LAW OFFICES**

By:    s/David S. Halsband
          David S. Halsband, Esq.
          Attorneys for Plaintiff
          Court Plaza South
          21 Main St., East Wing
          Third Floor, Suite 304
          Hackensack, New Jersey 07601
          T. 201.487.6249
          F. 201.487.3176
          Email: david@halsbandlaw.com